# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60755
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2016

Lyle W. Cayce
Clerk

SOLOMON AYOR,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 239 080

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Solomon Ayor petitions for review of the Board of Immigration Appeals's (BIA's) denial of his second motion to reopen his immigration proceedings. The BIA determined that the evidence Ayor adduced in support of his otherwise untimely and number-barred motion failed to establish a material change in country conditions for Christians in Nigeria that affected his eligibility for any form of relief. We review the BIA's denial for abuse of discretion and its factual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60755

findings for substantial evidence. *Panjwani v. Gonzale*s, 401 F.3d 626, 632 (5th Cir. 2005).

Ayor argues that the BIA's decision was arbitrary insofar as it failed to identify any deficiency from which his motion purportedly suffered under the applicable regulations. The BIA, however, specified that his motion had not been shown to qualify for 8 U.S.C. § 1003.2(c)(3)(ii)'s exception to the time and numerical limitations because its supporting evidence did not reflect materially changed circumstances arising in Nigeria. Addressing the quality of the evidence, the BIA recognized that Ayor did not submit a State Department Country Report. Ayor now asks us to take judicial notice of the 2012 and 2013 Country Reports. While we may take judicial notice of the "most current" Country Report, *Shehu v. Gonzales*, 443 F.3d 435, 438 (5th Cir. 2006), the 2012 and 2013 Country Reports are not current, and we cannot consider evidence that Ayor failed to adduce and that the BIA did not consider. *See* 8 U.S.C. § 1252(b)(4)(A); *Kane v. Holder,* 581 F.3d 231, 242 (5th Cir. 2009).

Ayor further faults the BIA's characterization of his evidence as demonstrating a mere continuation of repressive practices versus evidence of a material change. In determining whether there has been a material change in country conditions, the BIA compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below. *In re S-Y-G*, 24 I & N Dec. 247, 253 (BIA 2007). Our review of the record reveals that substantial evidence supports the BIA's determination that Ayor's evidence failed to demonstrate a material change in country conditions when compared to those that existed at the time of his removal hearing; therefore, it did not abuse its discretion in denying his motion. *See Panjwani*, 401 F.3d at 632.

PETITION DENIED.